UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CLARK O'NEAL,

        Plaintiff,

v.

JOHN RUBITSCHUN et al.,

        Defendants.

Case No. 1:05-cv-417

Honorable Robert Holmes Bell

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

      I.      Factual allegations

Plaintiff currently is incarcerated in the Pugsley Correctional Facility. Plaintiff pleaded guilty in the Oakland County Circuit Court to two counts of armed robbery and one count of first-degree criminal sexual (CSC I) conduct. He was sentenced on October 18, 1990, to concurrent prison terms of ten to twenty-five years for each of the armed robbery convictions and fifteen to thirty years for the CSC I conviction. Plaintiff first became eligible for parole this year. His complaint concerns the denial of his parole by the Michigan Parole Board. On March 4, 2005, the parole board issued a Notice of Decision denying Plaintiff's parole. The board gave the following reasons in support of their decision:

    **Crime & Criminal Behavior**
        **The assaultive crime:**
        Had multiple victims
        Victimized a stranger
        Involved a dangerous weapon(s)

        **The sexually motivated crime:**
        Was substance abuse related
        Crime involved violence
        Involved a family member or acquaintance
        Involved use of a weapon

        **The prisoner has a criminal history:**
        Of established criminal behavior
        Of violent misdemeanors
        Of escape

        **Regarding criminal history, it is our belief the prisoner:**
        Blames criminal history on substance abuse
        Blames the history on past immaturity

    **Correctional Adjustment**
    **The prisoner's prior post conviction corrections history includes:**
    A history of probation failure

**Personal History**
**The prisoner has a history of substance abuse which:**
Is of long standing duration

(Compl., Exhibit 1.)  Plaintiff's next parole consideration date is June 2, 2007.

In his complaint, Plaintiff first claims that the parole board failed to comply with MICH. COMP. LAWS § 791.233(1)(a) in violation of his right to due process.  The statute provides: "A prisoner shall not be given liberty on parole until the board has reasonable assurance, *after consideration of all the facts and circumstances*, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety." MICH. COMP. LAWS § 791.233(1)(a) (emphasis added).  Plaintiff maintains that the parole board focused on negative information contained in a fifteen-year-old pre-sentence report and disregarded numerous factors that weighed in favor of his release on parole.  He further claims that the parole board relied upon his history of drug abuse in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131,  and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. 794(a).

Plaintiff seeks declaratory relief and an injunction prohibiting Defendants from violating his federal rights during his parole eligibility interview and determination.[1]

---

[1] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997 ).  However, in *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1247 (2005), the Supreme Court clarified that §1983 remains available to state prisoners for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner.  Plaintiff does not directly seek release from prison; rather, he requests an injunction preventing Defendants from violating his federal rights in future parole proceedings.  As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred.  Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth herein.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Due Process**

Plaintiff claims that the parole board violated his right to due process by failing to consider all of the relevant facts and circumstances in making their parole decision as required by MICH. COMP. LAWS § 791.233(1)(a). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. April 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.* 596 N.W.2d 598, 603-04 (Mich. 1999). Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.

B.     **Americans with Disabilities Act & Rehabilitation Act**

Petitioner claims that the Parole Board relied on his history of drug addiction in denying parole in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131, and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. 794(a). Title II of the ADA provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. §12132. To make out a prima facie case under Title II of the ADA, a plaintiff must establish that (1) he has a disability; (2) he is otherwise qualified; and (3) he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of her disability. *See Kaltenberger v. Ohio College of Podiatric Med.*, 162 F.3d 432, 435 (6th Cir. 1998). Similarly, Section 504 of the Rehabilitation Act protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a).

Even if Petitioner could show that he is handicapped within the meaning of the ADA and the RA, his complaint contains no allegations that the parole board discriminated against him solely because of his handicap. *See Lee v. Michigan Parole Board*, No. 03-1775, 2004 WL 1532563, at *1 (6th Cir. June 23, 2004). Moreover, neither the ADA nor the RA categorically bar a state parole board from considering an inmate's disability in making an individualized assessment of the future dangerousness of the inmate. *See Thompson v. Davis*, 295 F.3d 890, 898 n.4 (9th Cir. 2002), *cert. denied*, 538 U.S. 921 (2003). A prisoner's disability that leads him to a propensity to commit crime is certainly relevant in determining whether he is qualified for parole. *Id.* In this case, the

Parole Board relief heavily upon the serious and violent nature of Plaintiff's crimes and his criminal history in denying his parole. The parole board's references to Plaintiff's history of substance abuse suggest that Plaintiff's substance abuse played a role in his past criminal behavior and that Plaintiff has failed to take full responsibility for his criminal conduct by blaming his drug addiction. The parole board has a legitimate penological interest in considering a prisoner's history of drug use during an individualized assessment for parole suitability.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:   August 11, 2005              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE